**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **NATHAN BILLER, INDIVIDUALLY AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-CV-00043-ALM-CAN** |
| **RMCN CREDIT SERVICES, INC., DOUGLAS PARKER AND JULIE PARKER,** | § § § | |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION**

Defendants (RMCN Credit Services, Inc., Douglas Parker and Julie Parker) respectfully object to the Honorable United States Magistrate's April 3, 2017 Report and Recommendation in this matter pursuant to 28 U.S.C. § 636(b)(1)(C), as follows:

1.  As the Magistrate's Report and Recommendation notes:

At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that the purported plaintiffs' positions must be identical to Plaintiff's, as "[t]he court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 996 (internal quotations omitted). Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.*

(Magistrate's Report and Recommendation, Page 6).

2.      Defendants object, however, based upon the following statement within the Magistrates findings:

> Defendants proffer only the general averment that the Declarants "worked in different capacities and had different job responsibilities" [Dkt. 22, Exh. 1 at 3] to combat Plaintiff's allegations that Defendants required the Hourly Employees consistently to arrive fifteen to twenty minutes early for work in order "to perform certain integral and indispensable tasks, such as booting up and logging on/into computers" [Dkt. 1 at 4].

(Magistrate's Report and Recommendation, pp. 7-8).

3.      Defendants object because Plaintiff bears the "burden of presenting preliminary facts," not allegations unsupported in the factual record.  Although Plaintiff's counsel asserts in Plaintiff's Motion (page 2) that the purported integral and indispensable tasks at issue included "booting up and logging on/into computers," not a single Declaration filed in support of Plaintiff's Motion asserts this.  To support this allegation, Plaintiff's Motion cites generally to the Complaint, and not to any of the Declarations supporting the Motion.  Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Defendants object that without such preliminary facts in the factual record, what remains is the Declarants' statements that they were required to arrive at work early to "perform certain integral and indispensable tasks," without identifying even a single such task. Without identifying even a single task that the purported class was supposedly required

to perform, Plaintiff has not met his burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs.

4.      Certain pre-shift activities are included in the legal scope of hours of work, while others are not.  At issue is whether the activities are an integral part of and indispensable to an employee's principal activities.  *Steiner v. Mitchell*, 350 U.S. 247, 255 (1956).  *See also Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. App'x 448, 454 (5th Cir. 2009) (pre-shift and post-shift activities including obtaining standard tool bags, clocking in and out, donning and doffing hearing and eye protection, and walking to and from lockers were non-compensable under the FLSA).  *See also, e.g.,* Code of Federal Regulations, Title 5 (Administrative Personnel), Sec. 550.112 (b)(2) (computation of overtime work: "A preshift or postshift activity that is not closely related to the performance of the principal activities is considered a preliminary or postliminary activity. Time spent in preliminary or postliminary activities is excluded from hours of work and is not compensable, even if it occurs between periods of activity that are compensable as hours of work.")

5.      Without a single factual allegation as to the nature of the alleged pre-shift activities (as opposed to a conclusory statement that they were "integral and indispensable"), Plaintiff has failed to meet its "burden of presenting preliminary facts" sufficient to clear even the lowest threshold.

6.      On this basis, therefore, Defendants object to the Honorable Magistrate's resulting finding that "Plaintiff meets the low burden required for conditional certification at the first stage of this litigation."  (Magistrate's Report and Recommendation, p. 9).

Based upon these Objections, Defendants respectfully ask the Court to refrain from adopting the Honorable Magistrate's Recommendation, but rather to deny Plaintiff's Motion in all respects.

Respectfully submitted,

*/s/ Robert J. Witte*
ROBERT J. WITTE
State Bar No. 00788700
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
214.651.4300
214.651.4330 Fax

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2017, a true and correct copy of the foregoing document was electronically filed with the United States District Court, Eastern District of Texas, and electronically served on all counsel.

*/s/ Robert J. Witte*
ROBERT J. WITTE