# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NATHAN BILLER, INDIVIDUALLY AND ALL OTHERS SIMILARLY SITUATED § § § v. § § RMCN CREDIT SERVICES, INC., § DOUGLAS PARKER, JULIE PARKER | Civil Action No. 4:16-CV-43 (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 3, 2017, the report of the Magistrate Judge (Dkt. #31) was entered containing proposed findings of fact and recommendations that Named Plaintiff Nathan Biller's, on behalf of himself and all others similarly situated, First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (Dkt. #18) be granted. Having received the report and recommendation of the Magistrate Judge (Dkt. #31), having considered Defendants RMCN Credit Services, Inc.'s, Douglas Parker's, and Julie Parker's timely filed objections (Dkt. #32) and Plaintiff Nathan Biller's Response to Defendants' Objection to the Magistrate Judge's Report and Recommendation (Dkt. #33), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #31) as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #31). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objections.

Named Plaintiff Nathan Biller alleges Defendant RMCN Credit Services, Inc. (also known as "Repair My Credit Now"), a credit repair company with offices in McKinney, Texas, employed Plaintiff as an "hourly-paid, nonexempt employee" from April 2013 to June 2014 (Dkt. #1). Plaintiff further alleges Douglas and Julie Parker founded Repair My Credit Now and directed its business operations during the period relevant to Plaintiff's claims (Dkt. #1). Three other hourly employees of Repair My Credit Now—Adrian Brito, Johnny Hernandez, and Ruth E. Dickson— have consented to join Plaintiff's lawsuit and have submitted declarations supporting Plaintiff's claims (Dkt. #1, Exhibits 4-6). Plaintiff also has submitted a declaration in support of his claims (Dkt. #1, Exhibit 3). Plaintiff primarily complains Defendants required he (and other hourly employees) "to be on Defendants' jobsite or job facility prior to their scheduled start time in order to perform certain integral and indispensable tasks, such as booting up and logging on/into computers" such that "Plaintiff [began] his work 15 or 20 minutes, on average, early each day" without compensation for these "pre-shift" activities (Dkt. #1 at 4).

Each of the declarations submitted in this case aver as follows regarding Defendants' alleged practice of requiring hourly employees to complete pre-shift work without compensation:

> [I]t was expected and, practically, required, for us to arrive early to commence our work and perform pre-shift tasks necessary to be prepared to start work on time. Despite this expectation and requirement, we were not permitted to log the time we spent on these pre-shift tasks. . . .
>
> Throughout this employment, I would regularly arrive at work, on average, at least 15 minutes early to perform pre-shift tasks out of necessity and to avoid being disciplined. Because I was regularly scheduled to work 40 hours per week, this additional pre-shift work was performed in excess of 40 hours and is owed to me at overtime rates.
> . . .
> . . . The other hourly-paid employees that I worked with, performed similar pre-shift work prior to their scheduled shift start time and were subject to the same disciplinary practices and instructions. . . .

(Dkt. #18, Exhibit 3 at 2, Exhibit 4 at 2, Exhibit 5 at 2, Exhibit 6 at 2). Each declaration then provides the names of other hourly employees the respective declarant witnessed performing similar pre-shift work (Dkt. #18, Exhibit 3 at 2-3, Exhibit 4 at 2-3, Exhibit 5 at 2, Exhibit 6 at 2-3).

Plaintiff filed the First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (Dkt. #18) on December 8, 2016, seeking (1) supervised notice and conditional certification for potential plaintiffs who worked for Repair My Credit Now within the past three years as hourly employees, (2) a forty-five day opt-in period measured from the date notice is mailed, (3) an order requiring Defendants to disclose the names, last known addresses, email addresses, and telephone numbers of the potential plaintiffs within seven days of the entry of the requested order, (4) permission to send the proposed notice and consent forms to potential plaintiffs by traditional and modern electronic means, and (5) permission to post the notice and consent forms at Defendants' offices in an area readily and routinely available for review by hourly employees (Dkt. #1). On January 5, 2017, Defendant filed its response in opposition (Dkt. #22). Additionally, Defendants filed their Objections to Declarations Submitted in Support of Plaintiff's Motion (Dkt. #24) on January 6, 2017, and Plaintiff filed his Response to Defendants' Objections to Declarations (Dkt. #28) on January 24, 2017. On January 25, 2017, Plaintiff filed a reply in support of its Motion (Dkt. #29). The Magistrate Judge entered the report and recommendation on April 3, 2017 (Dkt. #31), and Defendants timely filed their objections on April 17, 2017 (Dkt. #32). Plaintiff filed his response thereto (Dkt. #33) on May 1, 2017. The Court notes it has not yet received a draft of the proposed notice from the Parties as ordered by the Magistrate Judge (*see* Dkt. #31 at 10).

**DEFENDANTS' OBJECTION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3); *see also Lee v. Veolia ES Indus. Servs., Inc.*, No. 1:12–CV–136, 2013 WL 2298216 (E.D. Tex. May 23, 2013) (report and recommendation regarding first stage conditional certification reviewed under de novo standard). The Magistrate Judge's report specifically found Plaintiff demonstrates (1) "the Hourly Employees are similarly situated for the purposes of first stage certification," (2) "other Hourly Employees exist who are interested in opting in to this lawsuit," and (3) "a reasonable basis for crediting the Declarants' assertions exists" (Dkt. #31 at 7). The Magistrate Judge accordingly concluded "Plaintiff meets the low burden required for conditional certification at the first stage of this litigation" (Dkt. #31 at 9). Defendants object to the first finding and, as a result, to the Magistrate Judge's ultimate conclusion (Dkt. #32). Defendants contend Plaintiff has not met even the minimal burden of "presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs" (Dkt. #32 at 1). Defendants argue Plaintiff presents only allegations, not evidence, to meet this burden (Dkt. #32 at 1-3). Defendants also claim Plaintiff has failed to meet the burden of presenting preliminary facts supporting his claim that the hourly employees are similarly situated because Plaintiff does not provide "a single factual allegation as to the nature of the alleged pre-shift activities" (Dkt. #32 at 3). Plaintiff argues in response that Defendants merely repeat the same arguments in their objections as they raised before the Magistrate Judge (Dkt. #33). Defendants do not specifically object to the Magistrate Judge's findings that other hourly employees exist who are interested in joining the lawsuit and that a reasonable basis exists to credit the declarants' assertions (*see* Dkt. #32). As such, the Court adopts these findings and proceeds

to evaluate only whether the hourly employees are similarly situated for the purposes of the first stage certification.

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under §216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *1-2 (E.D. Tex. Jan 27, 2012), *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court." *Tice*, 826 F. Supp. 2d at 994 (citation omitted). As such, the Court agrees with the Magistrate Judge that the *Lusardi* approach is appropriately applied in this case.

*Lusardi* provides for "certification for a collective action under § 216(b) . . . [to be] divided into two stages: (1) the notice stage; and (2) the merits stage." *Tice*, 826 F. Supp. 2d at 994. "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has

5

minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009). At the first stage of *Lusardi*, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[Plaintiffs] need only show that their positions are similar to the potential plaintiffs." *Id.* at 995.

Here, the Court agrees with the Magistrate Judge that Plaintiff meets the lenient *Lusardi* burden. Plaintiff's declaration reveals that Repair My Credit Now employed Plaintiff on an hourly basis and required Plaintiff as a matter of course to engage in pre-shift activities without compensation (Dkt. #18, Exhibit 3). Plaintiff's declaration states that Repair My Credit Now required the same of other employees paid by the hour with whom Plaintiff worked and that Plaintiff observed other hourly employees performing similar tasks (Dkt. #18, Exhibit 3). Additionally, Plaintiff proffers declarations from three former Repair My Credit Now employees,

namely Adrian Brito, Johnny Hernandez, and Ruth E. Dickson, who each aver Repair My Credit Now similarly paid them on an hourly basis and required that they engage in pre-shift activities without pay (Dkt. #18, Exhibit 4 at 2, Exhibit 5 at 2, Exhibit 6 at 2). They, too, aver that they observed other hourly paid employees performing similar pre-shift work (Dkt. #18, Exhibit 4 at 2-3, Exhibit 5 at 2-3, Exhibit 6 at 2-3). Each of the declarants also identifies other hourly employees from whom Repair My Credit Now required "similar pre-shift work" (Dkt. #18, Exhibit 4 at 2-3, Exhibit 5 at 2, Exhibit 6 at 2-3). Accordingly, Plaintiff alleges, and the additional declarations bear out, that Repair My Credit Now consistently required hourly employees to arrive fifteen to twenty minutes early for work in order to perform the same or similar tasks prior to logging compensable work time (Dkt. #1 at 4; Dkt. #18, Exhibit 3 at 2, Exhibit 4 at 2, Exhibit 5 at 2, Exhibit 6 at 2). Defendants' argument that Plaintiff fails to provide specific factual allegations regarding the pre-shift activities is further belied by the Complaint itself: Plaintiff asserts therein that "Plaintiff and those similarly situated were instructed that they could not 'log-in' at the beginning of the day until their scheduled start time," that they "were required to be on Defendants' jobsite or job facility prior to their scheduled start time in order to perform certain integral and indispensable tasks, such as booting up and logging on/into computers[,]" and that "[t]hese and other 'pre-shift' tasks required that Plaintiff begin his work 15 or 20 minutes, on average, early each day" (Dkt. #1 at 3-4). The Court concludes Plaintiff's allegations, and the declarations, suffice to carry Plaintiff through the first stage of class certification under *Lusardi*. *See, e.g.*, *Zachary v. Cobalt Mortg., Inc.*, 2017 WL 1079374, at *3 (finding plaintiff satisfied the "lenient *Lusardi* standard" where plaintiff and opt-in plaintiffs alleged they were victims of the same policy requiring them to work uncompensated overtime and proffered affidavits stating plaintiff and opt-in plaintiffs regularly worked off the clock and defendant did not pay them for this work); *Dyson*

*v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 514 (W.D. Tex. 2015) (granting first stage certification and noting "[a]dmittedly, the declarations submitted by [the plaintiff] are couched in general terms [but] each declarant states he worked with other flow testers that performed work for [the defendant], that other flow testers performed similar work, were paid hourly, and were not paid overtime"). The Court overrules Defendants' objection.

## CONCLUSION

Having considered each of Defendants' timely filed objections (Dkt. #32) and Plaintiff's response thereto (Dkt. #33), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #31) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (Dkt. #18) is **GRANTED**.

It is further **ORDERED, ADJUDGED AND DECREED** that the Court conditionally certifies a class of Defendants' current and former employees that is described as follows and referred to hereinafter as the "Hourly Employees":

> All persons who were employed by RMCN Credit Services, Inc. (or "Repair My Credit Now") who were paid on an hourly basis at any time during the three-year period preceding the date of this Order.

It is further **ORDERED** that the Parties shall confer and submit a draft of the proposed notice, as the Magistrate Judge ordered, within ten days for the Court's approval.

It is further **ORDERED** that Defendants shall produce within fourteen days of the date of this order the names, last known physical addresses, email addresses, and telephone numbers of the Hourly Employees in usable electronic form to Plaintiff's counsel.

**IT IS SO ORDERED**.

**SIGNED this 3rd day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE